UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

SHRI RADHA KRISHNA MANDIR INC.,

        Plaintiff,

   -against-

SHREE RADHA KRISHNA, LLC, NADIRA
SHARMA and WOODBURY ASSET
MANAGEMENT INC.,

        Defendants.

----------------------------------------------------------------x

State Court Index No. 738050/2025
Supreme Court of the State of
New York, County of Queens

No. 26-cv-_____

**NOTICE OF REMOVAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

  **PLEASE TAKE NOTICE** that defendant Woodbury Asset Management Inc. ("Woodbury"), by and through its undersigned counsel, and pursuant to 28 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027, hereby removes the civil action entitled *Shri Radha Krishna Mandir Inc. v. Shree Radha Krishna, LLC, Nadira Sharma and Woodbury Asset Management Inc.,* Index No. 738050/2025 (the "State Court Action"), from the Supreme Court of the State of New York, County of Queens (the "State Supreme Court"), where it is now pending to the United States District Court for the Eastern District of New York (the "District Court"), for subsequent referral thereof to the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") as a matter related to a pending case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") entitled *In re Shri Radha Krishna Mandir Inc. a/k/a Shree Radha Krishna LLC d/b/a Shree Radka Krishna Mandir Inc.*, Case No. 26-40076 (NHL) (the "Bankruptcy Case").  Removal is based on 28 U.S.C. §§ 1331, 1334 and 1452(a) and 28 U.S.C. § 157(b)(2)(A), (B), (K), and (O) and Rule 9027 of the Federal Rules of Bankruptcy Procedure the "Bankruptcy Rules").  In support of removal, Woodbury respectfully represents and alleges as follows:

1.      By way of brief factual background, Woodbury is the holder of a mortgage against certain real property located at 126-04 133rd Avenue, Queens, New York (the "Property").  The owner of record with respect to the Property is defendant-borrower Shree Radha Krishna, LLC ("Shree Radha LLC").  Shree Radha LLC defaulted with respect to Woodbury's mortgage loan as a result of which Woodbury obtained a foreclosure judgment from the State Supreme Court and a foreclosure sale was noticed with respect to the Property.

2.      On December 23, 2025, plaintiff Shri Radha Krishna Mandir Inc. ("Shri Radha Inc."), who purports to be a not-for-profit religious corporation which operates a Hindu Temple at the Property, commenced the State Court Action against Shree Radha LLC, Woodbury and defendant Nadira Sharma, by filing a Summons and Complaint with the State Supreme Court seeking, among other relief, to impose a constructive trust with respect to the Property.  On January 7, 2026, and prior to the filing of any response to its Complaint in the State Court Action by any of the defendants,  Shri Radha Inc. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the Bankruptcy Court thereby commencing the Bankruptcy Case.  As a result of the bankruptcy filing, further proceedings in the State Court Action have been stayed pursuant to 11 U.S.C. § 362(a).

3.      Respectfully, this Court has jurisdiction over the State Court Action under 28 U.S.C. §§ 1334 and 1452.  Section 1452 provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334" of title 28 of the United States Code.  28 U.S.C. § 1452(a).  Section 1334, in turn, provides in relevant part that the "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 [*i.e.*, the Bankruptcy Code], or arising in or related to causes under title 11."  28 U.S.C. § 1334(b).

2

4.      A civil proceeding is "related to" a bankruptcy case if the resolution of the proceeding could have a "conceivable effect" on the administration of the bankruptcy estate. *In re CuyahogaEquip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992). There can be no dispute that the State Court Action satisfies this standard. The outcome of the claims, issues and defenses that must be adjudicated in the State Court Action with respect to the Property and/or the parties' respective rights and interests therein will have a direct impact on the assets, claims and administration of Shri Radha Inc.'s bankruptcy estate and the Bankruptcy Case. As such, this Court, and, as an adjunct thereof, the Bankruptcy Court, has jurisdiction over the State Court Action pursuant to 28 U.S.C. §§ 1334 and 1452, and Bankruptcy Rule 9027, as a matter related to the Bankruptcy Case.

5.      The removal of the State Court Action to this Court is proper under 28 U.S.C. § 1452(a) because the United States District Court for the Eastern District of New York is the district within which the State Court Action was pending prior to removal.

6.      Pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (K) and (O), all of the claims asserted in the State Court Action are within the Bankruptcy Court's "core" jurisdiction within the meaning of 28 U.S.C. § 157(b)(1) and (2).

7.      In the event that any such claims are deemed to be "non-core", this Court has "related to" jurisdiction thereover and Woodbury consents to the entry of final orders and judgments by the Bankruptcy Court.

8.      This Notice of Removal is timely in accordance with Bankruptcy Rule 9027(a)(2)(B). The automatic stay under § 362(a) of the Bankruptcy Code remains in effect concerning the claims asserted in the State Court Action.

9.      In accordance with Bankruptcy Rule 9027(a)(1), a copy of the Summons and Complaint filed in the State Court Action is attached hereto as *Exhibit "A"*.

10.     In accordance with Bankruptcy Rule 9027(c), a copy of this Notice of Removal is being filed with the clerk of the State Supreme Court and served on all parties to the State Court Action.

11.     Upon removal, Woodbury seeks and hereby requests that the State Court Action be referred to the Bankruptcy Court to be heard in the context of the Bankruptcy Case.

**WHEREFORE**, notice is hereby provided that this action is removed from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York.

Dated: New York, New York
      February 10, 2026

> **PICK & ZABICKI LLP**
> Bankruptcy Counsel to Defendant
> Woodbury Asset Management Inc.
>
>
> By:     _/s/Douglas J. Pick_____
>       Douglas J. Pick
>       369 Lexington Avenue, 12th Floor
>       New York, New York 10017
>       (212) 695-6000

4