**EXHIBIT "A"**

Case 1:26-cv-00729-RER-LKE   Document 1-1   Filed 02/10/26   Page 2 of 15 PageID #: 6

Supreme Court of the State of New York
County of Queens

Shri Radha Krishna Mandir Inc.,

      Plaintiff,

- - against - -

Shree Radha Krishna, LLC, Nadira Sharma, and
Woodbury Asset Management Inc.,

      Defendants.

Date Summons Filed:
   December 23, 2025

Index №

**SUMMONS**
Plaintiff designates
County of Queens as place
of trial.
The basis of venue is:
County of Subject Property
126-04 133rd Avenue
South Ozone Park, NY

**TO THE ABOVE-NAMED DEFENDANTS**

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of

your answer on Plaintiff's attorney within twenty (20) days after the service of this

summons, exclusive of the day of service where service is made by delivery upon you

personally within the state or within thirty (30) days after completion of service where

service is made in any other manner. In case of your failure to appear or answer,

judgment will be taken against you by default for the relief demanded in the complaint.

Dated:     New York, New York
           December 23, 2025

Biolsi
Law
Group

Biolsi Law Group P.C.

*Joseph A. Jacobson*

By: Joseph A. Jacobson
Attorney for Plaintiff
111 Broadway, Suite 606
New York, NY, 10006
212-706-1385
jjacobson@biolsilaw.com

Case 1:26-cv-00729-RER-LKE     Document 1-1     Filed 02/10/26     Page 3 of 15 PageID #:
7

To:     Pro-Se Defendant
        Shree Radha Krishna, LLC,
        Via New York Secretary Of State

        and

        Pro-Se Defendant
        Nadira Sharma
        10548 132nd Street
        South Richmond Hill, NY  11419

        and

        Pro-Se Defendant
        Woodbury Asset Management Inc.
        8 Wagamon Dr
        Woodbury, NY  11797

Case 1:26-cv-00729-RER-LKE   Document 1-1   Filed 02/10/26   Page 4 of 15 PageID #: 8

Supreme Court of the State of New York
County of Queens

--------------------------------------------------------------X

Shri Radha Krishna Mandir Inc.,

      Plaintiff(s),

           - - against - -

Shree Radha Krishna, LLC, Nadira Sharma, and
Woodbury Asset Management Inc.,

      Defendant(s).

--------------------------------------------------------------X

Index №

Complaint

Plaintiff Shri Radha Krishna Mandir Inc., through counsel, Biolsi Law Group P.C., respectfully complains of Defendant(s) and alleges:

1. Plaintiff is a domestic not-for-profit organization duly created and existing by virtue of the laws of the State Of New York.[1]

2. Defendant Shree Radha Krishna, LLC is a domestic limited liability company duly organized and existing pursuant to the laws of the State of New York and primarily operates within the County of Queens, State Of New York.

3. Upon information and belief, Defendant Nadira Sharma is a resident of the County of Queens, State of New York.

4. Defendant Woodbury Asset Management Inc. is a corporation having a principal place of business at 8 Wagamon Drive, Woodbury, New York.

### AS AND FOR A FIRST CAUSE OF ACTION

5. Plaintiff is a religious not-for-profit organization that has been operating as a Hindu Temple for its members and congregation for over twenty-five years.

---

[1] "Plaintiff" used in the singular form refers to all Plaintiffs in this action, if more than one, pursuant to General Construction Law § 35.

Case 1:26-cv-00729-RER-LKE Document 1-1 Filed 02/10/26 Page 5 of 15 PageID #: 9

6.     Plaintiff is recognized by the Internal Revenue Service as a not-for-profit, and is tax exempt pursuant to section 501(c)(3) of the Internal Revenue Code.

7.     For years, non-party Rabindranauth Sharma was the priest and religious leader of Plaintiff.

8.     In 2014 and prior, non-party Joda Persaud was member of the Plaintiff and was helping Plaintiff and its membership grow.

9.     On July 23, 2014, Plaintiff created Defendant Shree Radha Krishna, (Defendant LLC) for the purposes of purchasing and managing a temple.

10.    On August 8, 2014, non-party Joda Persaud and non-party Rabindranauth Sharma transferred title of real property located at 126-04 133rd Avenue in Queens County ("Subject Property") to (Defendant LLC).

11.    Non-party Rabindranauth Sharma passed away on May 2, 2018.

12.    Defendant Nadira Sharma (Defendant Sharma) is the widow of Mr. Sharma.

13.    Since his passing, Defendant Sharma took it upon herself to assume roles unauthorized by the congregation or by Plaintiff.

14.    Upon information and belief, Defendant Sharma thinks that because her late husband was the religious leader of the temple, she should become the executive officer, controller, and owner of all of the assets of both Plaintiff and the Defendant LLC.

15.    Since non-party Sharma's passing, the congregation continued to worship, to function, and to operate at the temple.

16.    The members also continued to provide offerings and donations as they did in the past.

17. These monetary contributions were made for the benefit of Plaintiff so that it could function for them and the community.

18. The congregation believed that Plaintiff owned the 126-04 133rd Avenue property, and they knew that the property had a mortgage on it because funds had been borrowed to purchase it.

19. However, the congregation was unaware that the mortgage payments were not being paid even though they continued to provide offerings and donations.

20. In fact, Defendant Sharma would inform the congregation that "we need donations to pay the mortgage and to pay the bills for the mandir.[2]"

21. The congregation continued to contribute its offerings and donations trusting that Defendant Sharma was paying the bills of Plaintiff and Defendant LLC.

22. In the summer of 2023, Defendant Plaintiff learned that not only was Defendant Sharma not paying the mortgage, but also that the Subject Property was in foreclosure and was going to be lost at a public auction.

23. Plaintiff desires to protect its mandir.

24. Plaintiff seeks to hold Defendant Sharma to account for the monies given to her in good faith to protect the property.

25. Plaintiff has no adequate remedy at law.

26. Plaintiff demands a trial by jury.

27. Plaintiff had an agreement with Defendant Sharma's late husband and Defendant LLC that upon the transfer of title to the Subject Property to Defendant LLC, it would be held in trust for Defendant Plaintiff.

---

[2] "mandir" is another term for "temple" or "place of worship."

28.     This agreement caused Plaintiff's members to deliver monies to Defendant LLC for the purpose of repaying the monies lent to take title to the Subject Property.

29.     Plaintiff continued to deliver donations to Defendant LLC as part of the agreement to pay down the mortgage.

30.     Plaintiff performed as agreed.

31.      Plaintiff, and all of its congregation including Defendant Sharma and her late husband, enjoy a confidential relationship.

32.     Defendant LLC is primarily operated by Defendant Sharma.

33.     Defendant LLC is required to hold title to the Subject Property until the mortgage is paid off.

34.     Defendant LLC is required to deliver title to Plaintiff once the outstanding mortgage is paid off, upon the request of Plaintiff.

35.     Defendant LLC's name appearing on the deed is solely a matter of circumstance.

36.     Plaintiff is the true and rightful owner of the Subject Property.

37.     Since the passing of Defendant Sharma's husband, she had no intention of maintaining the property for the benefit of the Plaintiff or the congregation.

38.     Plaintiff paid 100% of the customary charges associated with the ownership of the Subject Property until Defendant Sharma intercepted such donations entrusted to her.

39.     Plaintiff justifiably relied upon Defendant Sharma's representations to its detriment.

Case 1:26-cv-00729-RER-LKE   Document 1-1   Filed 02/10/26   Page 8 of 15 PageID #: 12

40.     By retaining title of the subject property to the exclusion of Plaintiff, Defendant LLC and Defendant Sharma have been enriched.

41.     Defendant LLC and Defendant Sharma have been enriched in the value equivalent to Plaintiff's ownership interest and equity contributions.

42.     Plaintiff has been damaged in an amount equivalent to or greater than Defendant's unjust enrichment.

43.     Pursuant to their agreement, Plaintiff was and is the 100% owner of the subject real property.

44.     Defendant LLC and Defendant Sharma's actions and inactions are a breach of their fiduciary duties owed to Plaintiff.

45.     At all times relevant, Defendant LLC and Defendant Sharma knew and continue to know that that Plaintiff owned, occupied, possessed, and enjoyed 100% ownership of the Subject Property.

46.     By reason of the foregoing, Plaintiff seeks judgment of this Court declaring that a constructive trust was created and still exists whereby Plaintiff, in Defendant LLC's name or Defendant Sharma's held, and continues to hold, 100% title and ownership to the Subject Property for Plaintiff and in benefit for Plaintiff.

47.     Because of the foregoing, Plaintiff is entitled to a judgment imposing a constructive trust such that that Defendant LLC holds 100% title to the Subject Property in trust for Plaintiff.

### AS AND FOR A SECOND CAUSE OF ACTION

48.     Plaintiff repeats, reiterates, and realleges each and every allegation of each and every foregoing paragraph of this Complaint as if repeated and set forth fully and at length hereinbelow.

Case 1:26-cv-00729-RER-LKE    Document 1-1    Filed 02/10/26    Page 9 of 15 PageID #: 13

49.     This cause of action is brought pursuant to N. Y. Real Property Actions and Proceedings Law Article 15 to determine the ownership of the real property described below.

50.     Plaintiff is the owner in fee simple and lawfully entitled to the immediate and continued possession and occupation of the real property 126-04 133rd Ave South Ozone Park, NY  11420 ("Subject Real Property").

51.      A deed showing Defendant LLC as grantee was recorded in the Office of the City Register on September 10, 2014 under City Register File No. 2014000300726.

52.      A mortgage showing Defendant Woodbury Asset Management Inc. as mortgagee was recorded in the Office of the City Register on April 6, 2018 under City Register File No. 2018000115734.

53.     Defendants claim or may claim to have, or it appears by the public records that they may claim, some estate or interest in the above-described premises adverse to that of the plaintiff because of the above-mentioned deed and mortgage.

54.     That any estate or interest that the defendants ever had or claim to have had in the above-described premises or in any part thereof and any and all liens or encumbrances thereon that may have existed or be claimed to have existed in favor of the defendants are null and void and of no force and effect as against the estate and interest of the plaintiff in and to these premises and the plaintiff now holds these premises in fee simple absolute free and clear from any claim, lien or encumbrance arising from the mortgage or the ownership thereof.

Case 1:26-cv-00729-RER-LKE Document 1-1 Filed 02/10/26 Page 10 of 15 PageID #: 14

55. Upon information and belief, all the parties are known, and none is an infant, mentally retarded, mentally ill or is an alcohol or drug abuser.

56. That the judgment in this action will not affect a person not in being or ascertained at the commencement of this action, who by any contingency contained in a devise or grant or otherwise could afterward become entitled to a beneficial estate or interest in the property involved herein.

## AS AND FOR A THIRD CAUSE OF ACTION

57. Plaintiff repeats, reiterates, and realleges each and every allegation of each and every foregoing paragraph of this Complaint as if repeated and set forth fully and at length hereinbelow.

58. Since Defendant Sharma's husband died, Defendant Sharma collected donations intended for the operations of Plaintiff.

59. Defendant Sharma collected donations intended for the operations of Plaintiff including for the purpose of paying the mortgage.

60. Defendant Sharma willfully refused to make such payment.

61. Defendant LLC and Defendant Sharma exercised dominion and control over Plaintiff's member's donations delivered to Defendant LLC and Defendant Sharma to finance and to pay for the expenses of the Subject Property and the organization.

62. Defendant Sharma converted Plaintiff's donations for her own use.

63. Plaintiff is entitled to an accounting to determine the value of Defendant Sharma's conversion.

64.     Upon such accounting, Plaintiff is entitled to a money judgment against Defendant LLC and Defendant Sharma in an amount to be determined upon the trial of this action, which is believed to be at least $100,000.

*Wherefore,* Plaintiff Shri Radha Krishna Mandir, Inc. respectfully requests that this Court grant the following relief:

1.     To Plaintiff against Defendant LLC and Defendant Sharma, on its first cause of action:

a.     That it be adjudged and declared that a constructive trust is imposed and exists whereby Defendant LLC and Defendant Sharma, in her or his name or in the name of Plaintiff held, and continue to hold, 100% of title to the Subject Property for Plaintiff; and

b.     That it be adjudged that this constructive trust is such that Defendant LLC and Defendant Sharma holds 100% title to the Subject Property in trust for the Plaintiff so that title and recorded ownership of the Subject Property is properly held by Plaintiff in fee simple absolute; and

c.     That Defendant LLC and Defendant Sharma execute requisite land records, including a deed, to provide for Plaintiff to record its true ownership interest in the Subject Property as adjudged in this action, or, in the alternative, that the Sherriff execute such a deed so that Plaintiff can record its true ownership in the Subject Property; and,

d.     That it be further adjudged and determined that the Plaintiff is the lawful owner and is vested with 100% title, in fee, to the Subject Property; and

Case 1:26-cv-00729-RER-LKE   Document 1-1   Filed 02/10/26   Page 12 of 15 PageID #: 16

e.      That possession of the Subject Property be awarded to the Plaintiff; and

f.      That Plaintiff be permitted to record the judgment in this action with the public land records maintained by the New York City Department of Finance, City Register, upon payment of the appropriate fees, if any.

2.      To Plaintiff against all Defendants, on its second cause of action:

a.      That Defendants and every person or entity claiming under them be forever barred from all claim to an estate or interest in the Subject Real Property;

b.      That it be further adjudged and determined that the Plaintiff is the lawful owner and is vested with 100% title, in fee, to the Subject Property; and

c.      That possession of the Subject Property be awarded to the Plaintiff; and

d.      That Plaintiff be permitted to record the judgment in this action with the public land records maintained by the New York City Department of Finance, City Register, upon payment of the appropriate fees, if any.

3.      That Plaintiff be granted a money judgment against Defendant LLC and Defendant Sharma on its third cause of action, jointly and severally, in an amount to be determined upon a trial of this action believed to be at least $100,000; and,

4.      That Plaintiff recover its costs, disbursements and allowances against the Defendant; and

5.      Granting the Plaintiff an award of attorneys' fees, costs, and disbursements;

Case 1:26-cv-00729-RER-LKE    Document 1-1    Filed 02/10/26    Page 13 of 15 PageID #: 17

6.     Granting such other, further, and different relief as to this Court

deems just, equitable, and proper.


Dated:        New York, New York
              December 23, 2025

Biolsi Law Group P.C.

*Joseph A. Jacobson*

By: Joseph A. Jacobson
Attorney for Plaintiff
111 Broadway, Suite 606
New York, NY, 10006
212-706-1385
jjacobson@biolsilaw.com

Case 1:26-cv-00729-RER-LKE    Document 1-1    Filed 02/10/26    Page 14 of 15 PageID #: 18

## Verification

State Of New York            )
County Of New York           )

I, the undersigned, am an attorney duly admitted to practice before the Courts of the State of New York, and state as follows:

1.      I am one of the attorneys of record for Plaintiff in this action.

2.      I have read the foregoing Complaint.  Everything stated therein is true to the best of my knowledge, except as to the matter therein stated to be alleged on information and belief, and that as to those matters I believe it to be true.

3.      The reason this verification is made by me and not by Plaintiff is that the Plaintiff does not have an office in the County in which I maintain my office.

4.      The grounds of my belief as to all matters not stated upon my own knowledge are: information provided by client, records of client, and public records.

I affirm that that foregoing statements are true, under the penalties of perjury pursuant to CPLR 2106

Dated:      New York, New York
            December 23, 2025

*Joseph A. Jacobson*
_____
Joseph A. Jacobson

Case 1:26-cv-00729-RER-LKE    Document 1-1    Filed 02/10/26    Page 15 of 15 PageID #: 19

Supreme Court of the State of New York
County of Queens
Index:

---

Shri Radha Krishna Mandir Inc.,

     Plaintiff(s),

- - against - -

Shree Radha Krishna, LLC, Nadira Sharma, and Woodbury Asset Management Inc.

     Defendant(s).

---

## Summons and Complaint

Biolsi Law Group, P.C.
111 Broadway, Suite 606
New York, NY 10006
(212) 706-1385
jjacobson@biolsilaw.com

By: Joseph A. Jacobson
Attorneys For: Plaintiff

I, Joseph A. Jacobson, an attorney duly admitted to practice law before the Courts of this State, hereby certify that pursuant to 22 NYCRR § 130-1.1a that to the best of my knowledge, information and belief, formed after inquiry reasonable under the circumstances, the presentation of the papers annexed hereto or the contentions therein are not frivolous as defined in 22 NYCRR § 130-1.1(c).

New York, New York
December 23, 2025

*Joseph A. Jacobson*
—————————————
Joseph A. Jacobson