Biolsi
Law
Group PC

111 Broadway, Suite 606
New York, NY 10006
212-706-1385
sabiolsi@sabiolsi.com

April 16, 2026

Via ECF
Honorable Ramon E. Reyes, Jr
District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 2E North
Brooklyn, NY  11201

Re:     *Shri Radha Krishna Mandir Inc. v. Shree Radha Krishna, LLC*
        Commenced In
        New York State Supreme Court, Queens County
                    (Filed Under Index 738050/2025)
        Removed To
        United States District Court, Eastern District Of New York Case
                    (Filed at Case 1:26-cv-00729-RER-LKE)
        **Plaintiff's Opposition To Referral To Bankruptcy Case**
                    (Filed at Case 1:26-bk-40076-jmm)


Dear Your Honor:

I represent the plaintiff Shri Radha Krishna Mandir Inc. ("Plaintiff"), in the above-referenced action.  Pursuant to Your Honor's April 8, 2026 Order, Plaintiff respectfully submits this correspondence as its opposition to the referral of this case to the bankruptcy court. Furthermore, Plaintiff does not consent to the entry of any final order or judgment by the bankruptcy court on any non-core claims especially because of the its allegations against Defendant Woodbury Asset Management Inc that are presently on appeal (28 U.S.C. § 157[c][2]).

This action, originally filed in New York State Supreme Court, Queens County, and removed to this Court by Defendant Woodbury Asset Management Inc. on February 10, 2026, involves fundamental state-law property and tort claims (28 U.S.C. § 1446[a]).  As outlined below, the nature of these claims, the ambiguity of the bankruptcy petitioner's identity, the void nature of post-removal state court filings, and Plaintiff's constitutional right to a jury trial provide compelling grounds for this Court to retain jurisdiction (28 U.S.C. § 1334[c][1]).

I.      **The Conversion Claim is a Non-Core Proceeding**

        Plaintiff's Complaint asserts a cause of action for the conversion of monies stolen from the Plaintiff.  Claims asserting the unlawful conversion of property unquestionably arise under state law and are considered non-core proceedings because they do not depend on bankruptcy laws for its existence and could proceed in a court that lacks federal bankruptcy jurisdiction (*In re CIS Corp.*, 172 B.R. 748

[S.D.N.Y. 1994]; *DeWitt Rehabilitation and Nursing Center, Inc. v. Columbia Cas. Co.*, 464 B.R. 587 [S.D.N.Y. 2012]).

In non-core proceedings, the bankruptcy court may only submit proposed findings of fact and conclusions of law to the district court (28 U.S.C. § 157[c][1]).  A bankruptcy court can only refer a non-core proceeding for full adjudication with the consent of all the parties to the proceeding (28 U.S.C. § 157[c](2)).  Plaintiff does not consent to the final adjudication of any non-core claims by the bankruptcy court.

**II.     The Bankruptcy Court Lacks Jurisdiction Over the Constructive Trust Claim**

Plaintiff also seeks the imposition of a constructive trust on real property currently titled in the name of the Defendant LLC.  Even if the constructive trust claim is deemed core, it is Plaintiff's understanding that the bankruptcy court lacks constitutional authority to enter a final judgment on Plaintiff's claims as private-rights, state-law actions (*Stern v. Marshall*, 564 U.S. 462 [2011]; *Development Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 462 B.R. 457 [S.D.N.Y. 2011]).  Plaintiff's constructive trust claim arises strictly under New York state law and exists irrespective of the issues in this bankruptcy proceeding.

**III.     Referral Violates Plaintiff's Right to a Jury Trial**

Plaintiff's Complaint expressly demands a trial by jury.  The conversion claim for damages carries a Seventh Amendment right to a jury trial because it is a legal claim sounding in tort.  The United States Constitution prohibits bankruptcy courts from holding jury trials in non-core matters (*In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 [2d Cir. 1993]).  To this end, and indepdenant from all other reasons, Plaintiff opposes the reference.  (*See, e.g., In re The VWE Group, Inc.*, 359 B.R. 441 [S.D.N.Y. 2007]).

**IV.     Ambiguity Regarding the Debtor's Identity in the Bankruptcy Proceeding**

It is critically unclear who the actual petitioner is in the underlying bankruptcy proceeding.  The Voluntary Petition for Non-Individuals Filing for Bankruptcy explicitly lists the debtor's name as "Shri Radha Krishna Mandir Inc. aka Shree Radha Krishna LLC."  This seemingly improperly conflates the Plaintiff corporation and the Defendant limited liability company into a single entity.  In this civil action, however, the Plaintiff corporation is actively suing the Defendant LLC for conversion and the imposition of a constructive trust.  This glaring contradiction regarding the debtor's identity makes referral highly inappropriate and creates a direct conflict with the claims asserted in this action.

**V.      Defendant Woodbury Asset Management "Post-Removal" State Court Filings Are Void Triggering a Default in Pleading**

Defendant Woodbury Asset Management Inc. filed a Notice of Removal to this Court on February 10, 2026.  Once a notice of removal is properly filed and served, the state court loses all jurisdiction and must proceed no further (28 U.S.C. § 1446[d]).  The United States Supreme Court has established that once the state court loses jurisdiction over the case, its subsequent proceedings are not "simply erroneous, but absolutely void" (*Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 589 U.S. 57, 64 [2020] [internal quotations and citations omitted]).  Although Plaintiff initially consented on February 9, 2026, to a stipulation extending the time for Defendants to answer the complaint, any answer or stipulation filed in the New York State Supreme Court after the case was removed to federal court is a legal nullity and is not valid (*Tarbell v. Jacobs*, 856 F.Supp. 101 [N.D.N.Y. 1994]).  A defendant must file their responsive pleading in the federal court, within the deadlines established by the Federal Rules, or risk being in default in the federal action (Fed. R. Civ. P. 81[c][2]).  Because filings on the state court docket post-removal are absolutely void, Defendant Woodbury Asset Management Inc. and the co-defendants may currently be in default in this federal action.

As a final point, Plaintiff believes that its concerns regarding the integrity of related state court foreclosure proceedings, presently on appeal in the Appellate Division, Second Department, involving Defendant Woodbury Asset Management and the allegations of unlawfully duplicated referee signatures, further underscore the need for this Article III court to retain jurisdiction to ensure institutional integrity.  A copy of the Plaitniff's appellant's opening brief is exhibited herewith (the appeal has been fully perfected and briefed and awaits oral argument).

For the foregoing reasons, Plaintiff respectfully requests that the Court decline to refer this action to the bankruptcy court and retain jurisdiction over these proceedings.

Thank you for your time and attention.

Regards,

Steven Alexander Biolsi

Cc:
All appearing parties via ECF