FILED: APPELLATE DIVISION – 2ND DEPT 12/12/2024 08:46 AM

NYSCEF DOC. NO. 5

2024-11909

RECEIVED NYSCEF: 12/12/2024

County of Queens Clerk's Index № 704078/2022

To Be Argued By
Steven Alexander Biolsi
Time Requested: 8 Minutes

# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division – Second Judicial Department

Woodbury Asset Management Inc.,

     Plaintiff-Respondent,

- - against - -

Shree Radha Krishna, LLC, ABL One, LLC, New
York City Environmental Control Board, New York
Parking Violations Bureau, New York State Division
Of Taxation & Finance, Nadira Sharma and Liloutie
Persaud,

     Defendants,

Shri Radha Krishna Mandir, Inc.

     Proposed Intervenor Defendant-Appellant.

Docket №
2024-11909

## APPELLANT'S BRIEF

Respectfully Submitted
Biolsi Law Group, P.C.
By: Steven Alexander Biolsi
Counsel for Appellant
111 Broadway, Suite 606
New York, NY 10006
212-706-1385
sabiolsi@sabiolsi.com

TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... II

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF QUESTIONS PRESENTED ............................................................ 3

STATEMENT OF FACTS AND ISSUES .................................................................... 4

ARGUMENT ...................................................................................................... 7

    POINT I:  THE JUDGMENT OF FORECLOSURE AND SALE, IMPROPERLY
        GROUNDED IN UNDENIED ALTERED EVIDENCE, MUST BE VACATED.. 7

    POINT II:  THE RELIGIOUS CORPORATION IS THE BENEFICIAL OWNER OF
        THE SUBJECT PROPERTY AND IS A NECESSARY PARTY. ................... 12

    POINT III:  THE INTERVENING DEFENDANT HAS DEFENSES AND TWO
        CROSS-CLAIMS AGAINST CO-DEFENDANTS. ..................................... 16

    POINT IV:  THE REFEREE IS POWERLESS TO "GRANT" A REQUEST TO
        MODIFY PUBLICLY RECORDED COURT DOCUMENTS. ........................ 19

CONCLUSION ................................................................................................... 21

PRINTING SPECIFICATIONS CERTIFICATION ........................................................ 22

CPLR 5531 STATEMENT ................................................................................. 23

TABLE OF AUTHORITIES

Cases

*Aames Capital Corporation v. Davidson,*
  24 AD3d 474 (2d Dept 2005) ................................................................10
*ABF Freight Sys., Inc. v. N.L.R.B.,*
  510 U.S. 317, 114 S. Ct. 835 (1994)....................................................9, 11
*Anderson v Dunn,*
  19 US 204, 5 L Ed 242 (1821)..............................................................8
*Baba-Ali v State,*
  19 NY3d 627 (2012) .........................................................................1, 8
*Bank of New York v. Stradford,*
  55 AD3d 765 (2d Dept 2008) ..............................................................10
*CDR Creances S.A.S. v. Cohen,*
  23 NY3d 307 (2014) .................................................................. 1, 2, 8, 9
*CitiBank, N.A. v Milord-Jean-Gille,*
  ---AD3d ---, 2024 NY Slip Op 06183 (2d Dept 2024)......................................11
*Cohn v. PROF-2013-M4 Legal Title Tr.,*
  211 AD3d 805, (2d Dept 2022) ............................................................8
*Colavito v. New York Organ Donor Network, Inc.,*
  8 N.Y.3d 43, 860 N.E.2d 713 (2006).....................................................18
*Diaz v Diaz,*
  130 AD3d 560  (2d Dept 2015) ...........................................................17
*First Data Merchant Services Corp. v One Sol. Corp.,*
  14 AD3d 534 (2d Dept 2005) .............................................................19
*Gibbs v. St. Barnabas Hosp.,*
  16 N.Y.3d 74, 942 N.E.2d 277 (2010).....................................................11
*Green Point Savings Bank v. Arnold,*
  260 AD2d 543 (2d Dept 1999) ...........................................................10
*Hazel-Atlas Glass Co. v. Hartford-Empire,*
  322 US 238, 64 S Ct 997 (1944)..........................................................9
*Herrmann v Cabinet Land Co.,*
  217 NY 526 (1916) .......................................................................15
*Martinborough v Martinborough,*
  98 AD3d 511 (2d Dept 2012) ............................................................19
*McCormack v McCormack,*
  174 AD2d 612 (2d Dept 1991) ...........................................................19

*Miller v. Lanzisera,*
  273 AD2d 866 (4th Dept 2000) ........................................................................10
*Olden Group, LLC v 2890 Review Equity, LLC,*
  209 AD3d 748 (2d Dept 2022) ..........................................................................16
*People v. Zambounis,*
  251 N.Y. 94, 167 N.E. 183 (1929)....................................................................11
*Pierpoint v. Hoyt,*
  260 N.Y. 26, 182 N.E. 235 (1932)....................................................................17
*Seventh Regiment Fund,*
  98 N.Y.2d 249, 746 N.Y.S.2d 637, 774 N.E.2d 702 (2002) ....................... 17, 18
*Sharp v Kosmalski,*
  40 NY2d 119 (1976) .........................................................................................16
*Tennessee Gas Pipeline Co. v. Town of Chatham Bd. Of Assessors,*
  239 AD2d 831 (3d Dept 1997) ..........................................................................12
*United States v. Norris,*
  300 U.S. 564, 57 S. Ct. 535, 81 L. Ed. 808 (1937)............................................10
*Woodson v. Mendon Leasing Corp.,*
  100 N.Y.2d 62, 790 N.E.2d 1156 (2003)............................................................7

Statutes

Penal Law § 172....................................................................................................1
Penal Law § 175..................................................................................................19

Rules

CPLR 1012 or 1013 ............................................................... 1, 12, 13, 15
CPLR 1014...........................................................................................15
CPLR 5015(a) .........................................................................................7
CPLR 5015(a)(3)............................................................................ 8, 9, 10
CPLR 5015(a)(3) or (4)...........................................................................1
CPLR 5531 ..................................................................................... i, 23
CPLR § 1013............................................................................... 13, 15

Other Authorities

3 N.Y. Prac., Com. Litig. In New York State Courts § 18:17 (3d ed.) ...................12

PRELIMINARY STATEMENT

In this action to foreclose a mortgage, the proposed intervening defendant Shri Radha Krishna Mandir[1], Inc., a Hindu congregation, appeals from an Order entered by Supreme Court, Queens County (Hon. Ulysses B. Leverett, J.S.C.) dated September 3, 2024.  The order, in part, improperly denied the proposed intervening defendant's order to show cause to vacate the judgment pursuant to CPLR 5015(a)(3) or (4) or in the substantial interest of justice and, then to grant leave to intervene pursuant to CPLR 1012 or 1013 and to set the matter down for a hearing on the issue of whether the plaintiff, through its agents, unlawfully tampered with public records in violation of Penal Law § 175.25.

The judgment, based upon papers unauthorizedly executed by plaintiff's counsel when he "photoshopped" the referee's signature onto a part of the referee's report, should have been vacated.  This misconduct is so serious that it undermines the integrity of the proceeding.  See, *Baba-Ali v State*, 19 NY3d 627, 634 (2012).

Correctively, courts have "inherent power to address actions which are meant to undermine the truth-seeking function of the judicial system and place in question the integrity of the courts and our system of justice."  *CDR Creances*

---

[1] A mandir is a Hindu place of worship or temple.

1

*S.A.S. v. Cohen*, 23 NY3d 307, 318 (2014).  Moreover, courts "are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates, and, as a corollary to this proposition, to preserve themselves and their officers from the approach and insults of pollution." *Id.*

"Fraud on the court warrants heavy sanctions." *Creances*, at 319.

At a minimum, the judgment, grounded in a felony, must be vacated.

Upon such vacatur, the proposed intervenor Religious Corporation should have been granted leave to protect its congregation and its asset and should have been granted to answer the complaint seeking cross-relief against the co-defendant that may have absconded with the congregation donations intended to pay the expenses of the congregation.

The trial court prejudicially erred in its ruling.

Being aggrieved, the proposed intervening defendant appeals.

STATEMENT OF QUESTIONS PRESENTED

Question 1:  Does the court-appointed referee have lack authority to instruct plaintiff's counsel to sign for the court-appointed referee on public court documents?

> This question should be answered in the affirmative.

> The lower court erred.

Question 2:  Should a judgment, grounded in tampered evidence, because vacated?

> This question should be answered in the affirmative.

> The lower court erred.

Question 3:  Does the referee's report, signed by the plaintiff's counsel, fail to substantially support the record?

> This question should be answered in the affirmative.

> The lower court erred.

Question 4:  Can a religious corporation intervene in an action wherein its donations are being converted by a co-defendant trusted member?

> This question should be answered in the affirmative.

> The lower court erred.

## STATEMENT OF FACTS AND ISSUES

The proposed intervening defendant Shri Radha Krishna Mandir Inc. (a Religious Corporation) is religious not-for-profit organization operating a Hindu Temple for its members and congregation that has been running for over 25 years and is recognized by the IRS as a not-for-profit.  (R, 214).

A decade ago, Joda Persaud was member of the Corporation and was helping the Corporation and its membership grow while Rabindranauth Sharma, the priest of the Religious Corporation, was coordinating with Mr. Persaud to acquire a real property location for a temple as they grew their congregation.  (R, 38).

On July 23, 2014, the Religious Corporation created the defendant Shree Radha Krishna, LLC for the purposes of purchasing and managing a temple.  (R, 38) and, shortly thereafter, congregant Joda Persaud and Mr. Sharma transferred title of the subject property located at 126-04 133rd Avenue in Queens County to the Defendant Shree Radha Krishna, LLC (the LLC).

For years, Mr. Sharma was the priest and religious leader of the Corporation until his passing on May 2, 2018.  (R, 38).  The defendant Nadira Sharma, the widow of Mr. Sharma, took it upon herself to assume roles unauthorized by the congregation or by the Corporation.  (R, 38).  Trusting Ms. Sharma, the congregation of the Hindu organization faithfully gave donations to Defendant

4

Sharma and Defendant Shree Radha Krishna for the purpose of running the religious organization and paying its debts including the underlying mortgage. (R, 39).

Unbeknownst to the congregation, Ms. Sharma did not pay the mortgage. (R, 39-40). The loan and mortgage went into default. (R, 39-40).

In February, 2022, resulting from an alleged default in payment on the note, the plaintiff commenced a mortgage foreclosure action against the defendant mortgage Shree Radha Krishna, LLC. (R, 45-182).

The Religious Organization was not named nor served with papers. (R, generally). Worse, Ms. Sharma refused to update the congregation on the financial affairs of the Religious Organization. (R, 39).

Initially, that the foreclosure action proceeded in due course and with genuine effort.

However, while the action was heading toward judgment, the court-appointed referee failed to review evidence and, apparently, blindly signed the wrong "documentary evidence" offered by the plaintiff. (R, 216).

Then, rather than inform the court or otherwise properly address the serious error, the plaintiff, through his counsel, altered the report and caused a new report to appear with the exactly same signature of the referee with the exactly same hand-written date:

From NYSCEF Document 52 (R, 216):

Dated: ~~November~~ *December* __6__ , 2022

TYRONE S. BROWN, ESQ.,
Referee

From NYSCEF Document 53 (R, 217):

Dated: ~~November~~ *December* __6__ , 2022

TYRONE S. BROWN, ESQ.,
Referee

While the signatures are exactly identical, the Referee's Report filed at NYSCEF Document 52 suggests that the defendants borrowed $275,600 while the Referee's Report filed at NYSCEF Document 53 suggests that the defendants borrowed $800,000. (R, 216-217).

In an effort to validate the unlawfully tampering, the plaintiff requested the referee execute an affirmation indicating that he "granted authorization to correct" this error. (R, 261). The referee and the plaintiff's counsel attempt to color this serious error as a mere "typo." This is far from a "typo." Court documents have been altered. A judgment grounded in a felony cannot stand. At a minimum, in the substantial interest of justice, the judgment must be vacated.

ARGUMENT

POINT I:  THE JUDGMENT OF FORECLOSURE AND SALE, IMPROPERLY GROUNDED IN UNDENIED ALTERED EVIDENCE, MUST BE VACATED.

In the underlying motion, the plaintiff does not dispute that public records have been altered.  Instead, the plaintiff, in concert with the court-appointed referee, attempt to validate the criminal alteration of publicly recorded documents. Most certainly, the court-appointed referee had no authority to "grant a request" to alter publicly recorded documents.

The judgment of foreclosure and sale based upon the altered court documents must be vacated.

CPLR 5015(a) provides, in pertinent part:

The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of:
3. fraud, misrepresentation, or other misconduct of an adverse party…

"Indeed, the drafters of that [5015(a)(3)] provision intended that courts retain and exercise their inherent discretionary power in situations that warranted vacatur but which the drafters could not easily foresee." *Woodson v. Mendon Leasing Corp.*, 100 N.Y.2d 62, 68, 790 N.E.2d 1156, 1160 (2003)

Most importantly, "'CPLR 5015(a) does not provide an exhaustive list as to when a default judgment [or order] may be vacated, and a court may vacate its own judgment [or order] for sufficient reason and in the interests of substantial

7

justice.'" *Cohn v. PROF-2013-M4 Legal Title Tr.*, 211 AD3d 805, 806, (2d Dept 2022) (internal citations omitted).

This case is one of those situations that the "drafters could not easily foresee." No one could have predicted that the plaintiff's attorney would attempt to knowingly alter documents filed on NYSCEF after the attorney uploaded those same documents to NSYCEF. It remains unknown if any other evidence was altered or is inauthentic. The entire proceeding is tainted.

Therefore, in addition to the CPLR 5015(a)(3) reasons for a vacatur of a default judgment or order, the Court of Appeals has been explicitly clear that, to address fraud as in this case, "[a] court has inherent power to address actions which are meant to undermine the truth-seeking function of the judicial system and place in question the integrity of the courts and our system of justice." *CDR Créances S.A.S. v. Cohen*, at 318 (2014).

> Moreover, "[c]ourts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates, and, as a corollary to this proposition, to preserve themselves and their officers from the approach and insults of pollution."
>
> *Id.* (*citing Anderson v Dunn*, 19 US 204, 227, 5 L Ed 242 [1821]).

> Conduct that is "willful," "deceitful" and "constructionistic" and "injects misrepresentations and false information into the judicial process [is] 'so serious that it undermines . . . the integrity of the proceeding.'"
>
> *Id.* (*quoting Baba-Ali v State of New York*, 19 NY3d 627, 634, 951 NYS2d 94 [2012]).

8

Such conduct can threaten the very "integrity of the legal system as a whole, constituting 'a wrong against the institutions set up to protect and safeguard the public.'"

> *Id.* (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire*, 322 US 238, 246, 64 S Ct 997 [1944]).

Directly on point with this case, the Court of Appeals further stated that dismissal "is most appropriate in cases like this one, where the conduct is particularly egregious, characterized by lies and fabrications in furtherance of a scheme designed to conceal critical matters from the court and the nonoffending party; where the conduct is perpetrated repeatedly and willfully." *Id.* at 321-22.

In contrast, "[d]ismissal is inappropriate where the fraud is not 'central to the substantive issues in the case.'" *Id.* (citations omitted).

Here, the fraudulent misconduct *is* central to the substantive issues as the plaintiff, in concert with the court-appointed referee, tampered with a court document.

Then, worse, with concerted effort, they attempted to "explain-away" their fraud as nothing more than a typographical error.

Their statements constitute false testimony. "False testimony in a formal proceeding is intolerable. We must neither reward nor condone such a 'flagrant affront' to the truth-seeking function of adversary proceedings." *ABF Freight Sys., Inc. v. N.L.R.B.*, 510 U.S. 317, 323, 114 S. Ct. 835, 839 (1994).

"Deliberate material falsification under oath constitutes the crime of perjury and the crime is complete when a witness' statement has once been made." *United States v. Norris*, 300 U.S. 564, 574, 57 S. Ct. 535, 539, 81 L. Ed. 808 (1937).

Plaintiff's counsel knowingly misled the lower court that the referee duly executed the "corrected" referee's report.

This is simply not true.

Worse, the plaintiff, being aided by the referee, attempt to validate the improper alteration to the publicly filed court document. (R, 260-261; 262-272).

Consistent with the rulings of United States Supreme Court cases cited above, this court must not condone the falsification of evidence or perjurious statements. The default judgment must be vacated.

There is no express time limit for seeking relief from a judgment pursuant to CPLR 5015(a)(3). *Bank of New York v. Stradford*, 55 AD3d 765 (2d Dept 2008).

Case law, however, indicates the deadline is a test of reasonableness. *Aames Capital Corporation v. Davidson*, 24 AD3d 474, 475 (2d Dept 2005) (*citing to Miller v. Lanzisera*, 273 AD2d 866 [4th Dept 2000]). *See also Green Point Savings Bank v. Arnold*, 260 AD2d 543 (2d Dept 1999).

The proposed intervening defendant was unaware of the action until after judgment was entered. To this end, the proposed intervening defendant seeks

leave to intervene and to interpose an answer to the complaint to protect it, its rights, and its property.  (R, 40; 218-232).

Importantly, plaintiff's conduct herein is the quintessence of why the Court of Appeals ruled as it did in *CDR Creances S.A.S. v Cohen.  See*, also, *ABF Freight Sys., Inc. v. N.L.R.B.*, 510 U.S. 317, 114 S. Ct. 835 (1994).

"Forms and procedure still have their place and purpose in the administration of the law; without them we would have chaos." *People v. Zambounis*, 251 N.Y. 94, 97, 167 N.E. 183, 184 (1929).  "Our court system is dependent on all parties engaged in litigation abiding by the rules of proper practice." *Gibbs v. St. Barnabas Hosp.*, 16 N.Y.3d 74, 81, 942 N.E.2d 277, 281 (2010).

Altering court documents is never proper practice.

Indeed, it is misconduct.

Certainly, altered court documents cannot substantially support a referee's report – nor can altered referee's reports support a final judgment.  *CitiBank, N.A. v Milord-Jean-Gille*, ---AD3d ---, 2024 NY Slip Op 06183 (2d Dept 2024).

The judgment should be vacated.

POINT II: THE RELIGIOUS CORPORATION IS THE BENEFICIAL OWNER OF THE SUBJECT PROPERTY AND IS A NECESSARY PARTY.

As explained above, the proposed intervening defendant Shri Radha Krishna Mandir Inc. is religious not-for-profit organization operating as a Hindu Temple for its members and congregation that has been running for over 25 years and is recognized by the IRS as a not-for-profit. (R, 214). The Religious Corporation sought leave to intervene into this action and to interpose its answer, with cross-claims, in the action (R, 218-232).

CPLR § 1012 provides:

"(a) Intervention as of right. Upon timely motion, any person shall be permitted to intervene in any action: … 3. when the action involves the disposition or distribution of, or the title or a claim for damages for injury to, property and the person may be affected adversely by the judgment."

The question of timeliness of an intervention is "always sui generis." Siegel, New York Practice, § 183 (5th Ed.). There is no automatic last date for a motion to intervene. 3 N.Y. Prac., Com. Litig. In New York State Courts § 18:17 (3d ed.). And, in fact, the Appellate Division, Third Department, has held that "intervention can occur at any time, including for the purpose of perfecting an appeal."

*Tennessee Gas Pipeline Co. v. Town of Chatham Bd. Of Assessors*, 239 AD2d 831 (3d Dept 1997).

In this case, the Religious Corporation, through it congregation, purchased the subject real property in the same of the defendant Shree Radha Krishna, LLC. (R, 233-237).

Having the beneficial interest in the subject property, the proposed intervening defendant is a corporate entity that will be adversely affected by a judgment in this action because of its title to the property which is the subject of this action.  Moreover, the proposed intervening defendant makes its motion in a timely manner in light of the fact that nothing was served on it and because its congregation knew nothing of this action until the threat of auction.  (R, 38-40; 44).

Thus, the proposed intervening defendant timely brought the motion to intervene.  Accordingly, pursuant to CPLR §1012, the Intervening Defendant should have been permitted to intervene in this action.

Alternatively, this proposed intervening defendant moved pursuant to CPLR § 1013,  which, in its entirety, provides:

> Upon timely motion, any person may be permitted to intervene in any action when a statute of the state confers a right to intervene in the discretion of the court, or when the person's claim or defense and the main action have a common question of law or fact. In exercising its discretion, the court shall consider whether the intervention will unduly delay the determination of the action or prejudice the substantial rights of any party.

In this case, the defense of the Intervening Defendant and the defenses of the original Defendants have common questions of law and fact.  The Intervening Defendant's defense would be against the Plaintiff's exact same claim against the current Defendants. The Defendant's defense would concern the same mortgage, note, and assignments on which the Plaintiff's claim is based on.  Moreover, as fully explained and for the same reasons stated previously, the Intervening Defendant has timely moved to intervene.

On July 23, 2014, the Religious Corporation created the defendant Shree Radha Krishna, LLC for the purposes of purchasing and managing a temple.  (R, 38) and, shortly thereafter, Joda Persaud and Rabindranauth Sharma transferred title of the subject property located at 126-04 133rd Avenue in Queens County to the Defendant Shree Radha Krishna, LLC (the LLC).

A decade ago, Joda Persaud was member of the Corporation and was helping the Corporation and its membership grow while Rabindranauth Sharma, the priest of the Religious Corporation, was coordinating with Mr. Persaud to acquire a real property location for a temple as they grew their congregation.  (R, 38).

After Mr. Sharma's passing, his widow began to take the congregations donations while, evidently, not paying the congregation's mortgage.  (R, 38-40).

14

Accordingly, the Religious Corporation is a necessary party and sought leave to interpose is proposed answer which included a cross-claim against the widow for the diverted donations and for the imposition of a constructive trust. (R, 37-40; 218-232).

Accordingly, pursuant to CPLR § 1013, the Intervening Defendant should be permitted to intervene in this action. Whether by CPLR 1012 or 1013 or both, CPLR 1014 provides that "A motion to intervene shall be accompanied by a proposed pleading setting forth the claim or defense for which intervention is sought."

As required by CPLR 1014, Intervening Defendant proposed its answer the plaintiff's complaint wherein it raises several dispositive defenses to the plaintiff's claims in addition to proposing a cross-claim against the widow that may have diverted the congregations donations. (R, 224-230).

As a final point on this issue: "a judgment of foreclosure in which the owners of the equity of redemption have not been served with process or do not voluntarily appear, is absolutely without jurisdiction and as against such owners the purchaser at the sale under the judgment derives no title whatsoever." *Herrmann v Cabinet Land Co.*, 217 NY 526, 528 (1916).

The judgment should have been vacated and the Religious Corporation should have been permitted leave to interpose and to answer the complaint.

15

POINT III:  THE INTERVENING DEFENDANT HAS DEFENSES AND TWO CROSS-CLAIMS AGAINST CO-DEFENDANTS.

As alleged in the proposed answer, Intervening Defendant seeks to advance two causes of action, as cross-claims. against Co-Defendants:  the imposition of a constructive trust and conversion.  (R, 218-232).

First, the proposed intervening defendant seeks in the imposition of a constructive trust.  As factually alleged in the proposed answer with counterclaims and as supported by Ms. Motilall's affidavit, Defendant Shree Radha Krishna because Defendant Shree Radha Krishna held title, in name only, for the benefit of the intervening Defendant.  As alleged in the cross-claim, the facts and circumstances warrant the imposition of the constructive trust.

"Generally, a constructive trust may be imposed '(w)hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest." *Sharp v Kosmalski*, 40 NY2d 119, 121 (1976) (internal citations omitted).  "The elements of a constructive trust are (1) a confidential or fiduciary relationship between the parties, (2) a promise, (3) a transfer of an asset in reliance upon a promise, and (4) unjust enrichment flowing from the breach of the promise." *Olden Group, LLC v 2890 Review Equity, LLC*, 209 AD3d 748, 752 (2d Dept 2022).

16

Paying toward the mortgage payments and contributing to the customary carrying charges is adequate to support the elements necessary to impose a constructive trust. *Diaz v Diaz*, 130 AD3d 560 (2d Dept 2015).

As alleged in the proposed answer with counterclaims, upon the death of Defendant Sharma's husband, she represented that she was still accepted donations to be applied to the proposed intervenor's property where the temple operates. Undeniably, the co-defendant widow would be unjustly enriched if she were permitted to keep the donations of the congregation in addition to either keeping the subject property or allowing it to be sold at a foreclosure action. (R, 224-232).

Therefore, Defendant Shree Radha Krishna holds constructive title to the subject property in trust for the proposed intervention defendant. (R, 229-232).

Secondly, the proposed intervention defendant seeks to advance a cross-claim against Defendant Shree Radha Krishna and Defendant Sharma for conversion. (R,

"A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession (*State of New York v. Seventh Regiment Fund*, 98 N.Y.2d 249, 746 N.Y.S.2d 637, 774 N.E.2d 702 [2002]).

The two key elements of conversion are (1) plaintiff's possessory right or interest in the property (*Pierpoint v. Hoyt*, 260 N.Y. 26, 182 N.E. 235 [1932];

17

*Seventh Regiment Fund*, 98 N.Y.2d at 259, 746 N.Y.S.2d 637, 774 N.E.2d 702)

and (2) defendant's dominion over the property or interference with it, in

derogation of plaintiff's rights." *Colavito v. New York Organ Donor Network, Inc.*,

8 N.Y.3d 43, 49–50, 860 N.E.2d 713, 717 (2006)

Here, as alleged in the proposed answer with counterclaims and as stated in

Ms. Motilall's statement, Defendant Shree Radha Krishna and Defendant Sharma

converted the donations received from the members of the intervening Defendant.

(R, 229-232).

Therefore, upon a vacatur of the judgment based on a felony, the proposed

intervening defendant should have been granted leave to interpose the proposed

answer.

POINT IV:  THE REFEREE IS POWERLESS TO "GRANT" A REQUEST TO MODIFY PUBLICLY RECORDED COURT DOCUMENTS.

The referee had absolutely no authority to "grant" the plaintiff's attorney's request to correct the record.  If true, the referee nevertheless exceeded his authority.

"A referee derives his or her authority from an order of reference by the court."  Matter of *Martinborough v Martinborough*, 98 AD3d 511, 512 (2d Dept 2012).  Importantly, "the scope of a referee's duties are defined by the order of reference."  *First Data Merchant Services Corp. v One Sol. Corp.*, 14 AD3d 534, 535 (2d Dept 2005).

Here, "the Referee was without authority to" grant the plaintiff's request to cause the appearance of the referee's signature to appear on a "corrected" referee's report.  *First Data Merchant Services Corp. v One Sol. Corp.*  (R, 261)

The referee acted beyond his appointed duties and "in excess of his jurisdiction."  *McCormack v McCormack*, 174 AD2d 612, 613 (2d Dept 1991).

The attorneys' concerted, feigned efforts to "explain away" the felonious tampering with NYSCEF documents fails.

The Judgment is based upon the referee's report and the referee's report is a fraud.  Pursuant to Penal Law § 175.25:

> A person is guilty of tampering with public records in the first degree when, knowing that he does not have the authority of anyone entitled to grant it, and with intent to defraud, he knowingly removes, mutilates, destroys,

19

conceals, makes a false entry in or falsely alters any record or other written instrument filed with, deposited in, or otherwise constituting a record of a public office or public servant.

Tampering with public records in the first degree is a class D felony.

There can be no valid dispute that neither the plaintiff's counsel nor the court appointed referee had authority to alter the original referee's Schedule of Evidence (R, 216).

Then, in an effort to valid the unlawful act, the referee suggests that he authorized and granted the plaintiff's attorney to amend the document (R, 217; 261).

Certainly, if the referee believed he made an error, he could have informed the court rather than unlawfully "granting" the plaintiff with the authority to change the record."  Then, the referee could have requested permission to perform a second calculation rather than unlawfully "grant" authority to the plaintiff's attorney to cause the deceitful appearance that the referee duly executed the second version of the Documentary Evidence schedule.

This misconduct is unlawful and cannot be condoned by the court.

The judgment must be vacated and, additionally, the parties involved in the alteration of court documents should be held accountable.

CONCLUSION

Accordingly, the decision & order should be reversed.

Dated:       New York, New York
             December 12, 2024

                    Respectfully submitted,

                         Biolsi Law Group, P.C.

                         _____
                         By: Steven Alexander Biolsi
                         COUNSEL FOR APPELLANT
                         111 Broadway, Suite 606
                         New York, NY  10006
                         212-706-1385
                         sabiolsi@sabiolsi.com

PRINTING SPECIFICATIONS CERTIFICATION

I, the undersigned, certify pursuant to 22 NYCRR § 670.10.3(f) that the foregoing brief was prepared on a computer using Microsoft Word software.

Type:  Proportionally spaced;

Typeface:  Times New Roman;

Point size:    14 – text

                        12 – footnotes;

Line Spacing:  Double;

Word Count:  The total number of words in this brief, inclusive of point heading, footnotes, this Statement and the pages containing the table of contents, table of authorities, and proof of service, is 4674.

Dated:       New York, New York
             December 12, 2024

_____
        Steven Alexander Biolsi

22

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND JUDICIAL DEPARTMENT
-------------------------------------------------------------------------X
Woodbury Asset Management Inc.,

      *Plaintiff-Respondent*,

          - - against - -

Shree Radha Krishna, LLC, ABL One, LLC, New York
City Environmental Control Board, New York Parking
Violations Bureau, New York State Division Of Taxation
& Finance, Nadira Sharma and Liloutie Persaud,

      *Defendants*,

Shri Radha Krishna Mandir, Inc.,

      *Proposed Intervenor Defendant-Appellant.*
-------------------------------------------------------------------------X

Statement
Pursuant To
CPLR § 5531

Appellate Court
Docket №
2024-11909

New York State
Supreme Court
County of
Queens
Index Number
704078/2022

Proposed Intervenor Defendant-Appellant Shri Radha Krishna Mandir, Inc., by attorneys

Biolsi Law Group P.C., by Steven Alexander Biolsi, pursuant to Section 5531 of the Civil

Practice Law and Rules, states as follows:

1.      The index number of this case in the Court below is 704078/2022.

2.      The full names of the original parties are:

      Woodbury Asset Management Inc., *Plaintiff*,

          - - against - -

      Shree Radha Krishna, LLC, ABL One, LLC, New York City Environmental
      Control Board, New York Parking Violations Bureau, New York State Division Of
      Taxation & Finance, and "John Doe No.1" to "Jane Doe No. 10", Inclusive, The
      Last Ten Names Being Fictitious And Unknown To Plaintiff, The Persons Or
      Parties Intended Being Persons, Corporations Or Others, Having An Interest In, Or
      Lien Upon, Or Tenants, Occupants, Or Persons In Possession Of, The Mortgaged
      Property, Or Any Part Thereof, Described In Complaint *Defendants*.

**R-1**

a.  Within a previous order (motion sequence 01), dated 10/25/2022, John Doe No. 1 to Jane Doe No. 10 were substituted out and Nadira Sharma and Liloutie Persuad were added as named Defendants.

3.  This action was commenced in the New York State Supreme Court, County of Queens.

4.  The action was commenced with the purchase of an index number and the filing of a Summons and Verified Complaint on 02/23/2022;

a.  The Summons and Complaint were purportedly served on Shree Radha Krishna Inc. on 03/22/2022;

b.  An Answer was served on 06/15/2022;

c.  A Reply was not served;

d.  There were no Demands for a Bill of Particulars.

5.  This is an action sounding in a mortgage foreclosure action.

6.  This appeal is from a decision & order of the Supreme Court, County of Queens, (Hon. Ulysses B. Leverett) dated 09/03/2024, entered in the office of the Clerk's Office of the County of Queens on 09/06/2024.

7.  This appeal is being taken from an order to which there are no minutes.  This appeal is being perfected with the use of a fully reproduced record on appeal.

**R-2**